IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

   -vs-                                                               CRIMINAL No. 00-557 LH

DARYL WILKERSON,

      Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes on for consideration of Defendant's Motion to Reduce Sentence (Docket No. 473), filed November 1, 2011. The Court, having reviewed the record in this matter, the Memorandum by the United States Probation Office, and the applicable law, finds that it is without jurisdiction to consider this Motion and it will be denied by a contemporaneously entered Order.

Following a jury trial, Defendant was convicted of possession with intent to distribute more than 5 grams of a mixture or substance containing cocaine base on a theory of aiding and abetting. On April 25, 2001, the Court found that as a career offender, Defendant's Total Offense Level was 37 and his Criminal History Category was VI, resulting in an Imprisonment Range of 360 months to life, and sentenced Defendant to 360 months imprisonment. (*See* Judgment (Docket No. 295), dated May 10, 2001, and filed May 21, 2001.) Defendant moved for a reduction in his term of imprisonment in 2008, under the earlier retroactive amendment to the cocaine base guidelines. The Court denied that Motion to Reduce Sentence on grounds that Defendant was not sentenced under

the amended Sentencing Guideline provision regarding crack cocaine, § 2D1.1.  Rather, the Court found that he was sentenced as a career criminal under U.S.S.G. § 4B1.1 and 4B1.2.  Thus his original sentence was not based on a sentencing range that had subsequently been lowered by the Sentencing Commission and the Court dismissed Defendant's Motion for lack of jurisdiction. (Order (Docket No. 430), filed Sept. 23, 2008.)

The Motion currently before the Court suffers the same defect. Section 3582 provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .*" 18 U.S.C. § 3582(c)(2) (emphasis added).  As discussed above, Defendant was sentenced as a career offender, not under the subsequently amended Sentencing Guideline provisions regarding crack cocaine.  Therefore, Defendant's original sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and the Court lacks jurisdiction to consider this Motion and it will be dismissed.  *See, e.g.,United States v. Sharkey,* 543 F.3d 1236, 1239 (10th Cir. 2008) (crack cocaine sentencing amendment had no effect on career offender guideline under which defendant was sentenced, so motion for relief pursuant to § 3582(c)(2) was properly denied);  *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("[Defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' *see* 18 U.S.C. § 3582(c)(2). . . . Thus, the district court should have dismissed [defendant's] motion without considering its merits."); *United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir.1996) (citing *Neal v. United States*, 516 U.S. 284, 290, 294 (1996)) ("Sentencing Commission does not have the authority to override or amend a statute," referring to 18 U.S.C. § 994(h), pursuant to which Sentencing Commission promulgated career offender guidelines); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A) (Nov.

1, 2011) ("... a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if ... an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . .").

_____
**SENIOR UNITED STATES DISTRICT JUDGE**