IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                            CRIMINAL No. 00-557 LH

DARYL WILKERSON,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** is before the Court on Defendant Daryl Wilkerson's Motion for Equitable Releif [sic] Due to Legal Errors at Sentencing Pursuant to Federal Rule of Criminal Procedure 43 ("Motion for Equitable Relief") (ECF No. 542), filed February 20, 2014. The government filed United States' Response to Defendant's Motion for Equitable Relief Due to Legal Errors at Sentencing Pursuant to Federal Rule of Criminal Procedure 43 ("Response") (ECF No. 546); Defendant did not reply. The Court, having reviewed the Motion, the Response, and the applicable law, and otherwise being fully advised, finds that Defendant's Motion must be **dismissed for lack of jurisdiction**.

    A jury convicted Defendant of aiding and abetting in the possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base. Verdict Form (ECF No. 174), Nov. 15, 2000, at 3. On April 25, 2001, via video conferencing, the Court sentenced Defendant as a career offender to 360-months imprisonment.

*See* Clerk's Minutes (ECF No. 284); Judgment (ECF No. 295), May 21, 2001. In his Motion for Equitable Relief, Defendant challenges his sentence, claiming it is unconstitutional under the Fifth and Sixth Amendments because it was imposed via video conferencing. He asserts this Court's jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1651, the All Writs Act.

The Tenth Circuit Court of Appeals held in *United States v. Torres-Palma* that "video conferencing for sentencing is not within the scope of a district court's discretion," and that such a violation "is *per se* prejudicial." 290 F.3d 1244, 1248 (2002) (citing FED. R. CRIM. P. 43). The *Torres-Palma* case was a direct appeal and the appellate court remanded "for resentencing of the Defendant who shall be in the physical presence of the sentencing judge." *Id.* at 1249. It is undisputed that Defendant Wilkerson was sentenced by video conferencing, but he did not challenge the circumstances of his sentencing on direct appeal. He appealed only on grounds that his conviction was not supported by sufficient evidence, and the Tenth Circuit affirmed. *See United States v. Wilkerson*, 26 F. App'x 878, 880 (10th Cir. 2002).

Wilkerson subsequently did raise the issue of his sentencing by video conferencing as part of a Motion to Vacate, Set Aside or Correct Sentence and Conviction, pursuant to 28 U.S.C. § 2255. *See Wilkerson v. United States*, Civ. 03-0679 MCA/RLP (D.N.M. filed June 4, 2003). In addressing this argument, the Magistrate Judge found that "[c]ounsel's failure to raise Rule 43 on direct appeal may supply the 'cause'" to overcome a procedural default of the issue on appeal. *Id.*, Mag. J.'s Proposed Findings & Recommended Disposition ("PFRD") (ECF No. 25) ¶ 20, filed Apr. 12, 2004. However, because Defendant made "no showing that any resentencing would result in a lesser term, [he] has failed to show the prejudice necessary to excuse the

procedural default." *Id.*, PFRD ¶ 21.  Therefore, the Magistrate Judge recommended denial of the Motion as to the issue of the video conference sentencing, and in its entirety.  PFRD at 10.

After considering Wilkerson's Objections to the PFRD, *id.* (ECF No. 26), which did not address the sentencing by video conferencing, and the government's Response, *id.* (ECF Nos. 27 and 28), and conducting a *de novo* review, the Court adopted the PFRD and dismissed the case with prejudice.  *Id.*, Order (ECF No. 31), filed May 26, 2004.  The Court also denied Defendant's request for a Certificate of Appealability ("COA"), *id.* Order (ECF No. 36), filed June 30, 2004, as did the Tenth Circuit, *United States v. Wilkerson*, 133 F. App'x 564 (2005).  In the intervening years, the Tenth Circuit has denied authorizations for Defendant to file second and third motions under § 2255.  *See In re: Daryl Wayne Wilkerson*, No. 12-2130, Order (10th Cir. Sept. 6, 2012) (ECF No. 514 in CR 00-0057 LH).

In its Response to Defendant's Motion for Equitable Relief, the government maintains that this Court lacks jurisdiction to consider Defendant's Motion under the All Writs Act.  The Court agrees.

A prisoner may not file a second or successive motion under § 2255 unless it is "certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  If an uncertified pleading "'must be treated as a second or successive motion, the district court does not even have jurisdiction to deny the relief sought.'"  *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (quoting *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006)).

In determining whether a motion is an unauthorized second or successive collateral attack on a defendant's conviction, the Court "look[s] at the relief sought, rather than a pleading's title or its form." *Baker*, 718 F.3d at 1208 (citing *Nelson*, 465 F.3d at 1149). A defendant's post-judgment motion is treated as a successive § 2255 motion if it seeks relief from his conviction or sentence. *Nelson*, 465 F.3d at 1147 (discussing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Thus, "a defendant cannot avoid the limitations on successive § 2255 motions by labeling his pleading as filed under the All Writs Act." *Baker*, 718 F.3d at 1208 (citing *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002)). To do so, would "'allow a petitioner to avoid the bar . . . by simply styling a petition under a different name [and] would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.'" *Id.* (quoting *Torres*, 282 F.3d at 1246; citing and quoting parenthetically *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.")).

Despite his invocation of the All Writs Act, Wilkerson's pleading clearly is a successive § 2255 motion. Indeed, it states the identical claim Defendant made in his first § 2255 Motion regarding the video conferencing sentencing, which the Court denied on the merits and Defendant abandoned on appeal. As Defendant has not met the certification requirements in § 2255(h), his Motion must be dismissed for lack of jurisdiction.

WHEREFORE,

**IT IS HEREBY ORDERED** that the Motion for Equitable Releif [sic] Due to Legal Errors at Sentencing Pursuant to Federal Rule of Criminal Procedure 43 (ECF No. 542), filed February 20, 2014, is **DISMISSED FOR LACK OF JURISDICTION**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**